UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: ______________________

THOMAS CHAPMAN,

Plaintiff,

v.

COMMERCIAL DINER, LLC, a
Florida Limited Liability Company
d/b/a BURGERS AND SUDS and
CURTIS C. DECKMAN, individually,

Defendants.
_________________________________/

**COMPLAINT**

COMES NOW, Plaintiff, THOMAS CHAPMAN, through his undersigned counsel, Whitelock & Associates, P.A., and sues the Defendants, COMMERCIAL DINER, LLC, a Florida Limited Liability Company d/b/a BURGERS AND SUDS and CURTIS C. DECKMAN, individually, (hereinafter, collectively referred to as "Defendants") and allege as follows:

1. That Plaintiff, a former employee of the Defendants, brings this action, in part, to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq and other laws stated herein.

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiff was and is presently a resident of this judicial district, a former employee of the Defendants, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants were the employers of the Plaintiff, were conducting business in this judicial district and were ‘employers’ under the FLSA.

6. That at all times material hereto, Defendant, CURTIS C. DECKMAN, individually, acted directly in the interests of his employer, the Defendant, COMMERCIAL DINER, LLC, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, COMMERCIAL DINER, LLC, and is otherwise an ‘employer’ under the FLSA.

7. That at all times material hereto, Defendant, COMMERICAL DINER, LLC , was and continues to be an ‘enterprise engaged in commerce’ within the meaning of the FLSA.

8. That at all times material hereto, Plaintiff was ‘engaged in commerce’ within the meaning of the FLSA.

9. During his employment, Defendants had Plaintiff, a non-exempt employee under the FLSA, work for Defendants in excess of forty (40) hours per week within the last three (3) years.

10. However, the Defendants willfully refused to compensate the Plaintiff for time and one half for each hour worked in excess of forty (40) hours per work week, as well as even the basic minimum wage for such work, as required by the FLSA.

**COUNT I**
**FLSA – MINIMUM WAGE AND OVERTIME**
**(DEFENDANT - COMMERCIAL DINER, LLC)**

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 10 of this Complaint.

11. That Plaintiff is entitled to minimum wage for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

12. That by reason of the intentional, willful and unlawful acts of the Defendant, COMMERCIAL DINER, LLC, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, THOMAS CHAPMAN, demands judgment against the Defendant, COMMERCIAL DINER, LLC, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

**COUNT II**
**FLSA – MINIMUM WAGE AND OVERTIME**
**(DEFENDANT - CURTIS C. DECKMAN)**

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 10 of this Complaint.

13. That Plaintiff is entitled to minimum wage for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

14. That by reason of the intentional, willful and unlawful acts of the Defendant, CURTIS C. DECKMAN, in violation of the FLSA, Plaintiff has suffered damages.

WHEREFORE, Plaintiff THOMAS CHAPMAN, demands judgment against the Defendant, CURTIS C. DECKMAN, individually, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, THOMAS CHAPMAN, demands trial by jury.

Respectfully submitted,

**WHITELOCK& ASSOCIATES, P.A.**
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Telephone: (954) 463-2001
Facsimile: (954) 463-0410
Counsel for Plaintiff

*s/ Christopher J. Whitelock*_________
CHRISTOPHER J. WHITELOCK
Florida Bar No. 0067539
E-mail: cjw@whitelocklegal.com
DAVID S. FRANK
Florida Bar No.: 93906
E-mail: davidfrank@whitelocklegal.com