## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made and entered into by and between Thomas Chapman ("Plaintiff") and Commercial Diner, LLC and Curtis C. Deckman ("Defendants").

**WHEREAS,** Plaintiff caused to be filed a lawsuit against Defendants in the United States District Court for the Southern District of Florida, styled as *Thomas Chapman v Commercial Diner, LLC and Curtis C. Deckman,* Case No. 16-62754-CIV-Dimitrouleas ("Litigation"), alleging unpaid overtime due to off the clock work in violation of the Fair Labor Standards Act ("FLSA"); and

**WHEREAS,** to avoid the uncertainties and expense of further litigation, the Parties wish to settle all claims and potential claims between them, including the claims Plaintiff has made in the Litigation.

**NOW THEREFORE,** in consideration of the mutual covenants and agreements set forth herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows

1. **No Admission of Liability**. This Agreement, the payment of money under this agreement including liquidated damages, and compliance with this Agreement, shall not be construed as an admission by Defendants of any liability whatsoever,

2. **Consideration**. In consideration of the Agreement, the Defendants agree to the total amount of ten thousand dollars ($10,000.00/100) in full and final settlement of the Litigation to Plaintiff. The Defendants shall pay this amount as follows: Defendants shall pay (a) four thousand ($4,000.00/100) dollars on or before February 17, 2017; (b) pay the remaining six thousand dollars ($1,000) in six (6) monthly payments commencing on March 5, April 5, May 5, June 5, July 5 and August 5, 2017. All of the checks identified above shall be delivered on February 17, 2017, including the six payment checks that shall be post dated. The checks shall be delivered to Plaintiff's counsel's Broward County Office at 300 Se 13th Street, Fort Lauderdale, Fla., and made payable to "Whitelock & Associates, P.A. and Plaintiff in trust."

3. **Time of the essence**. The Defendants agree that the time is of the essence on the payments set forth in paragraph one (1). If Defendants fail to make any one of the full installment payments on the dates specified above, Defendants consent to entry of a Final Judgment against them (Plaintiff can file an Unopposed Motion for Entry of Final Judgment), jointly and severally, and in favor of the Plaintiff, in the amount of $30,000.00, plus all post-judgment interest, and any and all attorneys' fees and costs related to the obtainment and/or collections of this amount.

4. **Dismissal of the Litigation/Release.** In exchange for the promises Defendants have made in this Agreement, the Parties shall release all claims filed in the Litigation and file a Joint Stipulation for Dismissal and/or Motion for Approval to dismiss the Litigation with

prejudice. Any amounts received by Plaintiff's counsel during the dismissal period identified above shall be held in trust until the dismissal of the Litigation.

5. **Non-Disparagement.** The Parties hereto agree not to disparage one another unless permitted by law.

6. **Opportunity to Review.** The parties represent and agree that they have thoroughly discussed all aspects of this Agreement with their attorneys, have carefully read and fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement. Plaintiff further represents that he thoroughly discussed all aspects of this Agreement with his attorneys, fully understands all of the provisions of this Agreement, and that he is voluntarily entering into this Agreement.

7. **Entire Agreement.** The parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied on any representation or statement made by the party or by any of the parties' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise other than those specifically stated in this written Agreement.

8. **Breach of Agreement.** Any breach of any term, provision, or obligation of this Agreement by any party, shall entitle the other party to seek enforcement of such term, provision or obligation, and shall entitle the prevailing party to an award of the reasonable attorney's fees and costs. The parties agree that the United States District Court for the Southern District of Florida shall retain jurisdiction to enforce the terms of settlement.

9. **Severability.** Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, unethical or unenforceable, the legality, validity and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, unethical or invalid part, term, or provision shall be deemed not to be part of this Agreement.

10. **Execution.** The Parties to this Agreement are executing this document voluntarily, knowingly and without any duress, and may execute their signatures in counterpart, each document of which may be considered as an original when executed. Fax copies will be considered original.

**IN WITNESS WHEREOF**, the parties hereto knowingly and voluntarily executed this Agreement as set forth below:

_____
THOMAS CHAPMAN
Date: 2/16/17

COMMERCIAL DINER, LLC
By/For: _____
Name: Curtis Deckman
Date: 2-15-17

*[signature]*

CURTIS C. DECKMAN

Date: 2-15-17